### In re CARSON et al.

(Supreme Court, Special Term, New York County. November 6, 1899.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—EMPLOYES.

A creditor seeking the aid of the statute granting preferences to employés on assignment by the employer must show such employment and relation between himself and the assignor with respect to the claim presented as will bring it within the statute.

2. SAME.

A claim for commission upon sales solicited by a salesman engaged at a weekly salary is not entitled to preference under the statute granting preferences to employés on assignment by the employer, when the soliciting of such sales was made under an agreement which was independent of, and inconsistent with, the relation of employer and employé, as established by the contract of employment.

In the matter of the accounting of Edward S. Fowler as assignee of Joseph E. Carson and William Fisher, individually and as co-partners. Application for confirmation of referee's report, and directing final distribution, etc. Granted.

Baldwin & Blackmar, for assignee.

Fitch, Houghton & Houghton, for George F. Hinrichs.

FITZGERALD, J. This is a motion for the confirmation of the report of a referee taking and stating the account of the above-named assignee; and to the portion of which finding that a claimant was entitled to share in the distribution of the assigned estate as a general creditor an exception was filed on behalf of said claimant on the ground that his said claim was for wages or salary actually owing to him as an employé of the assignors at the time of the execution of the deed of assignment, and was, as such, entitled to a preference. The claimant, who was a salesman of the assignors at a weekly salary, all of which was paid him up to the time of the assignment, presented a claim against the assigned estate for "commissions earned and produce sold for his account by said co-partnership," and for which he subsequently claimed a preference; and the only question at issue is, as briefly stated in the testimony, "whether that part of the claim which consists of commissions upon sales is entitled to a preference under the statute." While the decisions in the cases of In re Sawyer (Com. Pl.) 29 N. Y. Supp. 1097, In re Donaldson, 27 Misc. Rep. 745, 59 N. Y. Supp. 656, and the dictum in Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, which are invariably followed, would undoubtedly require a preference in the distribution of the assets of the assigned estate for claims such as that presented by the claimant herein, if established by the facts, yet the burden is imposed upon the claimant who invokes the aid of the statute, and cites these decisions in support of his contention, of proving such facts and circumstances of employment as make him an "employé" of the assignor, and as make the sum for which he presents a claim as due him his "wages or salary" as such employé, and of establishing such facts of employment and relations between him and the assignor with respect to the subject of the claim presented by him as bring his case within the

language of the statute, and meet the tests established by the cases interpreting that statute. This the referee has found that the claimant herein has failed to do, and a careful reading of the lengthy report and the voluminous record discloses no reason why the findings of fact by the referee should be reversed. It is conceded that there was no mention of commissions or percentages upon sales in the original contract of employment of the claimant, who was engaged as a salesman at a weekly salary of $20. A promise to pay commissions did not constitute part of the consideration of the original contract of employment,—of the original agreement for the services of the claimant as an employé of the assignor; and in the uncertainty and omission of the facts concerning the continuation of the employment, and the retention of the claimant by the assignor, the referee has evidently found, not inconsistently with the weight of the evidence, that the agreement to pay commissions constituted no part of the consideration of the renewed contract of the claimant to continue in the service of the assignor as his employé, but was an enterprise independent of the relation of employer and employé established by the original and renewed contract of employment at a weekly salary. This theory is supported by so many facts upon the record as to justify the confirmation of the report of the referee herein. Thus, the facts that the soliciting of sales upon commission by the claimant was carried on at different times, and was independent of the regular duties of the claimant as a salesman upon a weekly salary; that the claimant retained the amount of this weekly salary, but did not regularly retain, credit himself with, or claim the commissions; that in inducing sales, or securing the consignment to him of goods for sale, the goods were consigned to him, and might be by him further consigned to the assignors or any other merchants; and that therefore he was, so far as the subject-matter of the claim presented by him is concerned, vested with sole discretion and independence, that were not of themselves consistent with the fact of an employment subject to the control of the assignors,—all indicate that while, under his original and renewed contract of employment, he was a salesman of the assignors at a weekly salary, yet subsequently and in addition thereto he became an independent consignee, who, in his discretion, reconsigned the goods to the assignors, and shared with them the commissions on the sales of such goods. The weight of evidence is not contrary to the finding of the referee that, under the original or renewed contract of employment, the percentage of sales induced, through his consignment, by the claimant, was not essentially a portion of his wages or salary as an employé under such contract; and that therefore he has failed, with respect to the item upon which his claim is founded, to establish the facts which would meet the tests, established by the cases on the subject, necessary to bring him within the preferential language of the statute.

For these reasons the report is confirmed. In view of the great labor involved in the case subsequent to the accounting, an allowance of $100 to the attorney for the assignee is proper, and is hereby granted. Submit decree accordingly.